IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

RECEIVED

2006 AUG -8  P 2: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ELIZABETH LYNNE HUTCHINSON,   )
                              )
        Plaintiffs,           )
                              )
vs.                           )
                              )
PHENIX CITY BOARD OF EDUCATION,)
                              )
        Defendant.            )

CIVIL ACTION NO.:
CV-06  3 : 06cv700
JURY DEMAND

# COMPLAINT

## I.  JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28

    U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et seq.  This suit is

    authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil

    Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of

    1991" and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection

    of and redress deprivation of rights secured by 42 U.S.C. §2000 et seq. providing for

    injunctive and other relief against race discrimination and retaliation in employment.

2.  The plaintiff timely filed her charge of race discrimination and retaliation with the Equal

    Employment Opportunity Commission (EEOC) within 180 days after the last act of

    discriminatory treatment. The plaintiff further filed her race discrimination and retaliation

    suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.



SCANNED

8/8/06

1

## II.    PARTIES

3.    Plaintiff, Elizabeth Lynne Hutchinson, is a white, female citizen of the United States of America and a resident of the State of Alabama. At all times relevant to this action, the plaintiff was employed by the defendant at its Phenix City, Russell County, Alabama location.

4.    The defendant, Phenix City Board of Education, is an employer within the meaning of 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et seq., 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981. Defendant is engaged in the business of operating a public school system for the school age children of Phenix City, Alabama. At all times relevant to this action, the defendant has employed at least twenty (20) or more employees.

## III.    STATEMENT OF FACTS

6.    The plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7.    The defendant discriminated against the plaintiff on the basis of her race with respect to harassment, hostile work environment, work/job assignments, termination and/or non-renewal and other terms and conditions of employment.

8.    Plaintiff began her employment with defendant as a Child Nutrition Program Worker on July 30, 2003. Plaintiff was assigned to work 7.75 hours per day until May 19, 2004. That was the 2003-2004 Scholastic Year. Plaintiff was also rehired for the 2004-2005 Scholastic Year.

9.    As a Child Nutrition Program Worker, she was responsible for kitchen set-up; meal

preparations; serving of meals; kitchen clean-up and other duties normally performed in the operation of a lunchroom program for students.

10. During plaintiff's tenure with defendant, she was assigned to South Girard Junior High School.

11. Plaintiff's contract was non-renewed on May 12, 2005 and her then current contract expired on May 19, 2005.

12. During plaintiff's employment with defendant, she was subjected to discriminatory statements and treatment.

13. Such conduct that plaintiff was subjected to includes comments by African-American co-workers: "going to send you to a black school, so you could do things the black way," "white people are stupid," "white people cannot cook," "white people do not know how to do anything," "white people put the blame on black people because they are black," "it is the white people doing the crimes," "white people are sorry, "white trailer trash," and numerous other race-related derogatory comments and conduct.

14. Plaintiff was also forced to work with a predominately African-American workforce. One particular African-American co-employee, Betty Cliatt, harassed the plaintiff and would not work with her when assigned. Ms. Cliatt would refuse to perform tasks with the plaintiff, thereby requiring the plaintiff to perform all the assigned task herself.

15. Plaintiff, along with the plaintiff's husband, complained of the discriminatory treatment; however, no corrective action was taken.

16. As a result of the discriminatory treatment and plaintiff's complaints of discrimination,

plaintiff's contract with defendant was not renewed. However, the African-American co-employees subjecting the plaintiff to the racially hostile work environment were not disciplined and/or their contracts were renewed and they continued their employment with defendant.

17. After the plaintiff's contract was not renewed, her position was filled with an African-American.

18. Defendant engages in a pattern and practice of discrimination.

19. Defendant's conduct was willful, malicious, and/or in reckless disregard for plaintiff's protected rights.

20. Defendant's conduct resulted in plaintiff suffering emotional damages.

21. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back-pay, compensation and punitive damages, injunctive and declaratory judgments. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. CAUSES OF ACTION

### A. CLAIM ONE - RACE DISCRIMINATION

22. The plaintiff re-alleges and incorporates by reference paragraphs 1-21 with the same force and effect as if fully set out in specific detail hereinbelow.

23. During plaintiff's employment, she has been forced to work under discriminatory terms and conditions of employment which include being subjected to a hostile work environment on

4

the basis of her race and subjected to discriminatory discipline, termination and/or non-renewal and other unfavorable terms and conditions of employment.

24.    The harassment which the plaintiff has been subjected to was unwelcomed, based on race, and was severe and pervasive so that it affected the terms and conditions of plaintiff's employment. Defendant is liable for such harassment and such harassment was continuing in nature.

25.    The plaintiff complained to management about the discrimination and harassment. However, defendant failed to take prompt and adequate action.

26.    Because of such conduct, plaintiff has suffered severe emotional distress, embarrassment and humiliation.

27.    The defendant's actions were wilful, with malice and with reckless disregard for plaintiff's rights.

28.    The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.    CLAIM TWO - RETALIATION**

29.    The plaintiff re-alleges and incorporates by reference paragraphs 1-28 with the same force and effect as if fully set out in specific detail hereinbelow.

30.    Plaintiff complained to management about the discrimination and harassment.

31.    As a result of her complaints, the plaintiff was retaliated against by the defendant in regard

5

to discipline, termination and/or non-renewal and other terms and conditions of employment for her opposition to unlawful employment practices.

32.    Plaintiff engaged in protected activity and defendant's retaliatory conduct was causally related to such activity.

33.    Because of such conduct, the plaintiff has suffered severe emotional distress, embarrassment and humiliation.

34.    The defendant's actions were wilful, with malice and with reckless disregard for plaintiff's rights.

35.    The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.    **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the plaintiff as secured under 28 U.S.C. §§ 1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et seq., Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991" and 42 U.S.C. §1981.

2.    Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors,

6

employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et seq., Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991" and 42 U.S.C. §1981.

3.      Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position she would have occupied in the absence of race discrimination and retaliation, back-pay (plus interest), front-pay, lost seniority, lost benefits, and compensation and punitive damages.

4.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Rocco Calamusa, Jr.
Benjamin J. De Gweck
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/ 314-0500

7

## JURY DEMAND

PLAINTIFFS HEREBY DEMANDS TRIAL BY A STRUCK JURY

OF COUNSEL

Defendant's Address

Phenix City Board of Education
1212 Ninth Avenue
P.O. Box 460
Phenix City, Alabama 36868-0460

8