IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDE DISTRICT OF ALABAMA
EASTERN DIVISION (OPELIKA)

| | | |
|---|---|---|
| ELIZABETH LYNNE HUTCHINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | | 3:06-cv-00700-WHA-VPM |
| THE PHENIX CITY BOARD OF EDUCATION | ) ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT
## PHENIX CITY BOARD OF EDUCATION

COMES NOW the above-named Defendant to answer the complaint, to deny the allegations of discrimination and retaliation and to set forth its defenses:

### FIRST DEFENSE

Responding to the numbered paragraphs of the complaint in order, this Defendant states:

### I. JURISDICTION

1. Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to cited authority.

2. Admitted.

### II. PARTIES

3. Defendant admits that the Plaintiff is a white, female, but is without knowledge or information to form a belief as to her current residency and status as a citizen of the United States of America. Defendant admits that Plaintiff had been employed by Defendant prior to her non-renewal.

4. Admitted.

### III. STATEOF FACTS

6. Defendant has otherwise responded to these allegations.

7. Denied.

8. Admitted.

9. Admitted.

10. Defendant admits that Plaintiff was assigned to South Girard Junior High School, but denies that she had "tenure" if that is Plaintiff's intention by the use of the word.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

### IV. CAUSES OF ACTION

#### A. CLAIM ONE – RACE DISCRIMINTAION

22. Defendant has otherwise responded to these allegations.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

#### B. CLAIM TWO - RETALIATION

29. Defendant has otherwise responded to these allegations.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## V. PRAYER FOR RELIEF

36. Defendant denies the Prayer for Relief set forth in paragraphs 1, 2, 3 and 4.

### SECOND DEFENSE

Defendant denies the material allegations of the complaint; and in particular, Defendant denies that it discriminated against Plaintiff because of her race or retaliated against her or that Defendant violated Plaintiff's constitutional or other legal rights in any form or fashion.

Defendants deny that Plaintiff through her complaint alleges facts which would entitle her to relief.

### THIRD DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief can be granted

### FOURTH DEFENSE

Plaintiff is not entitled to relief pursuant to Title VII of the Civil Rights Act of 1964, or for any other federal, statutory or constitutional basis because the Plaintiff was non-renewed for legitimate, nondiscriminatory reasons.

### FIFTH DEFENSE

#### Title VII Exclusive Relief

Plaintiff's 42 U.S.C. § 1981 claim is barred because Title VII provides the Plaintiff's exclusive potential remedy.

<u>SIXTH DEFENSE</u>

<u>Failure to Present Allegation to EEOC</u>

Plaintiff failed to present all of the allegations set forth in the complaint to the Equal Employment Opportunity Commission, and therefore, has failed to exhaust her administrative remedies as required by law and is precluded from raising such new and unrelated issues for the first time in this action.

<u>SEVENTH  DEFENSE</u>

<u>Failure to Mitigate Damages</u>

Plaintiff has and continues to have the ability and opportunity to mitigate the damages alleged, and she has failed to mitigate her damages.  Plaintiff is not entitled to damages as claimed.

<u>TENTH DEFENSE</u>

Defendant pleads the defense of absolute, sovereign immunity.

<u>TWELFTH DEFENSE</u>

Defendant denies any and all averments set forth in the complaint that are not specifically admitted and demand strict proof thereof.

<u>THIRTEENTH DEFENSE</u>

Plaintiff's request for punitive damages is barred by the due process clauses of the United States Constitution and amendments thereto.

WHEREFORE, having answered each allegation of the complaint denying all averments of discrimination or retaliation or violation of constitutional or other legal rights of the Plaintiff, and having responded to each allegation of the complaint, and having asserted affirmation defenses thereto, the Defendant respectfully requests that judgment be entered in its favor and that Plaintiff take nothing by this complaint, and that Defendant have judgment for its cost of suit and reasonable attorney fees and any other further relief as this Court may deem proper.

This the 28th day of August, 2006.

                      SMITH & SMITH, P.C.

                      /s/ Sydney S. Smith
                      Attorney for Phenix City Board of Education
                      1503 Broad Street
                      Phenix City, Alabama 36867
                      (334) 298-2679
                      SMI 078
                      ASB-4248-t82s

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing pleading upon counsel for Plaintiff by electronic filing.

Rocco Calamusa, Jr., Esq.
Benjamin J. De Gweek, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

This the 28th day of August, 2006.

                      /s/Sydney S. Smith

C-06-042Answer082806