IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDE DISTRICT OF ALABAMA
EASTERN DIVISION (OPELIKA)

|  |  |  |
|---|---|---|
| ELIZABETH LYNNE HUTCHINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | | 3:06-cv-00700-WHA |
| THE PHENIX CITY BOARD OF | ) | |
| EDUCATION AND LARRY E. DICHIARA | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER AND DEFENSES OF DEFENDANTS
PHENIX CITY BOARD OF EDUCATION AND LARRY E. DICHIARA TO
PLAINTIFF'S AMENDED COMPLAINT**

COME NOW the above-named Defendants, Phenix City Board of Education (hereinafter referred to as PCBOE and/or Defendant) and Larry E. DiChiara (hereinafter referred to as DiChiara and/or Defendant) to answer the Amended Complaint; to deny the allegations of discrimination and retaliation and to set forth their defenses:

FIRST DEFENSE

Responding to the numbered paragraphs of the complaint in order, these Defendants state:

I. INTRODUCTION

1. Defendants deny Plaintiff's allegations as to alleged unlawful discrimination on the basis of race; subjecting Plaintiff to a racially hostile environment and retaliation.

2. Admitted.

II. JURISDICTION

3. Defendants admit that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to cited authority.

4. Denied.

1

## III. PARTIES

5.    Defendants admit that the Plaintiff is a white, female, but is without knowledge or information to form a belief as to her current residency and status as a citizen of the United States of America. Defendants admit that Plaintiff had been employed by Defendant PCBOE prior to her non-renewal.

6.    Admitted as to sentences 1, 2 and 3. Defendants admit that DiChiara is an employee of PCBOE, but denies that he is its agent.

7.    DiChiara admits that he is an employee of PCBOE and the Superintendent of the Phenix City Public Schools. Defendants deny that DiChiara is the employer of Plaintiff, and deny that he is the agent of PCBOE.


## IV. STATEMENT OF FACTS

8.    Defendants have otherwise responded to these allegations.

9.    Denied.

10.    Admitted.

11.    Admitted.

12.    Defendants admit that Plaintiff was assigned to South Girard Junior High School, but deny that she had "tenure" if that is Plaintiff's intention by the use of the word.

13.    Admitted.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

V. CAUSES OF ACTION

24. Defendants have otherwise responded to these allegations.

A. CLAIM ONE – RACE DISCRIMINTAION IN VIOLATION OF
TITLE VII

25. Defendants have otherwise responded to these allegations.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

B. CLAIM TWO – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C.

§1981, BY AND THROUGH 42 U.S.C. §1983

35. Defendants have otherwise responded to these allegations.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

C. CLAIM THREE – RACE DISCRIMINATION IN VIOLATION OF THE
EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF

THE UNITED STATES CONSTITUTION, BY AND THROUGH 42 U.S.C. §1983

45. Defendants have otherwise responded to these allegations.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

D. CLAIM FOUR – RETALIATION IN VIOLATION OF TITLE VII

55. Defendants have otherwise responded to these allegations.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

E. CLAIM FIVE – RETALIATION IN VIOLATION OF RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C.§1981, BY AND THROUGH 42 U.S.C. §1983

64. Defendants have otherwise responded to these allegations.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

F. CLAIM SIX – RETALIATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, BY AND THROUGH 42 U.S.C. §1983

73. Defendants have otherwise responded to these allegations.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

VI. PRAYER FOR RELIEF

82.  Defendants deny the Prayer for Relief set forth in paragraphs 1, 2, 3 and 4.

## SECOND DEFENSE

Defendants deny the material allegations of the complaint; and in particular, Defendants deny that they discriminated against Plaintiff because of her race or retaliated against her or that Defendants violated Plaintiff's constitutional or other legal rights in any form or fashion.

Defendants deny that Plaintiff through her complaint alleges facts which would entitle her to relief.

## THIRD DEFENSE

The Complaint fails to state a cause of action against these Defendants upon

which relief can be granted.

## FOURTH DEFENSE

Plaintiff is not entitled to relief pursuant to Title VII of the Civil Rights Act of 1964, or for any other federal, statutory or constitutional basis because the Plaintiff was non-renewed for legitimate, nondiscriminatory reasons.

## FIFTH DEFENSE

### Title VII Exclusive Relief

Plaintiff's 42 U.S.C. § 1981 claim is barred because Title VII provides the Plaintiff's exclusive potential remedy.

## SIXTH DEFENSE

### Failure to Present Allegation to EEOC

Plaintiff failed to present all of the allegations set forth in the complaint to the Equal Employment Opportunity Commission, and therefore, has failed to exhaust her administrative remedies as required by law and is precluded from raising such new and unrelated issues for the first time in this action.

## SEVENTH  DEFENSE

### Failure to Mitigate Damages

Plaintiff has and continues to have the ability and opportunity to mitigate the damages alleged, and she has failed to mitigate her damages.  Plaintiff is not entitled to damages as claimed.

## EIGHTH DEFENSE

Defendants plead the defenses of absolute, sovereign immunity, qualified immunity, discretionary function immunity, master-servant immunity and state agent immunity.

## NINETH DEFENSE

Defendants deny any and all averments set forth in the complaint that are not specifically admitted and demand strict proof thereof.

## TENTH DEFENSE

Plaintiff's request for punitive damages is barred by the due process clauses of the United States Constitution and amendments thereto.

## ELEVENTH DEFENSE

The alleged unlawful conduct occurred over 180 days before the filing of the charge of  discrimination and retaliation by the Plaintiff with the EEOC.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## THIRTEENTH DEFENSE

Defendants took immediate and effective remedial action upon being notified by Plaintiff of the alleged discrimination.

<u>FOURTEENTH DEFENSE</u>

Defendants did not intentionally discriminate or retaliate against Plaintiff.

WHEREFORE, having answered each allegation of the Amended Complaint denying all averments of discrimination or retaliation or violation of constitutional or other legal rights of the Plaintiff, and having responded to each allegation of the Amended Complaint, and having asserted affirmation defenses thereto, the Defendants respectfully request that judgment be entered in their favor and that Plaintiff take nothing by this Amended Complaint, and that Defendants have judgment for their cost of suit and reasonable attorney fees and any other further relief as this Court may deem proper.

This the 15th day of November, 2006.

SMITH & SMITH, P.C.

/s/ Sydney S. Smith
Attorney for Phenix City Board of Education and
Larry E. DiChiara
1503 Broad Street
Phenix City, Alabama 36867
(334) 298-2679
SMI 078
ASB-4248-t82s

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing pleading upon counsel for Plaintiff by electronic filing.

Rocco Calamusa, Jr., Esq.
Benjamin J. De Gweek, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

This the 15th day of November, 2006.

/s/Sydney S. Smith

C-06-042AnswerAmend111406