IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH LYNNE HUTCHINSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO: |
| vs. ) | CV-06-00700-WHA |
| ) | JURY DEMAND |
| ) | |
| PHENIX CITY BOARD OF EDUCATION, ) | |
| LARRY E. DICHIARA, officially as ) | |
| as Superintendent of the Phenix City Schools, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE
DEFENDANT'S EXHIBIT LIST**

**COMES NOW**, Plaintiff Elizabeth Hutchinson, and hereby objects and moves to strike portions of Defendant's Exhibit List. (Doc. #44). Plaintiff objects to the Defendants' Exhibit List because documents/exhibits have not been properly identified and because the listing of the exhibits are too broad and that the specific documents are not properly identified. Because these documents are not properly identified, Plaintiff cannot file objections as to the relevance or admissibility of these documents. As grounds for said motion, Plaintiff states as follows:

**Defendants' Exhibit List does not properly identify the documents which are to be used at trial. The listings are too general and broad for Plaintiff to identify what specific documents may be used at trial**.

Defendants lists broad categories of documents rather than identifying specific documents that it plans to introduce at trial. Plaintiff will be severely prejudiced if counsel cannot properly prepare for each specific exhibit that is going to be presented at trial. For example, Defendant lists

-1-

the following general categories of documents as exhibits:

    2.    Plaintiff's personnel files.
    3.    Any reports of injuries and treatments; and written reports, grievances or statements of
Plaintiff complaining about her working conditions.
    4.    Portions of the personnel files of any employees of Defendant Board which might be relevant to Plaintiff's claims or Defendant's defenses.
    5.    The relevant policies, procedures and rules of Defendant Board.
    6.    Records relating to any prior employment of Plaintiff.
    7.    Records relating to any prior civil and criminal legal maters involving Plaintiff and/or her family.

The listing of these exhibits are not proper. Each of these listing contains numerous pages of documents. Plaintiff cannot be expected to have knowledge of which specific document inside these broad listings will be presented at trial.

Plaintiff respectfully requests that this Court enter an Order requiring Defendants to properly identify specific exhibits that it intends to use at trial, by some sort of title, so Plaintiff can properly identify these documents and properly prepare for trial.

WHEREFORE, premises considered, Plaintiff respectfully moves that this Court strike the Defendants' Exhibit List, more specifically to enter an Order requiring Defendants to properly identify specific exhibits that it intends to use at trial, by some sort of title, so Plaintiff can properly identify these documents and properly prepare for trial.

                                            RESPECTFULLY SUBMITTED,

                                            /s/ Joshua D. Wilson
                                            Joshua D. Wilson
                                            Rocco Calamusa, Jr.
                                            Counsel for the Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

## CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Sidney S. Smith
Smith & Smith, PC
1503 Broad Street
Phenix City, AL 36867


                    /s/ Joshua D. Wilson
                    Of Counsel